FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEAN MARIE H., | No. 2:25-CV-00274-SAB |
| Plaintiff, | |
| v. | **ORDER REVERSING THE** |
| COMMISSIONER OF SOCIAL | **DECISION OF COMMISSIONER** |
| SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Marisa Burkett. The Commissioner is represented by L. Jamala Edwards, Shata Stucky, and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 13 and the Commissioner's Brief, ECF No. 20.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the decision of the Commissioner.

**I.      Jurisdiction**

On August 11, 2022, Plaintiff filed an application for disability insurance benefits (DIB), and supplemental security income (SSI), alleging disability

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

beginning January 1, 2015.[1] Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on June 20, 2024, a hearing was held before an ALJ in Spokane, Washington. Plaintiff appeared and testified with the assistance of counsel Margaret Schott. Francene Geers, vocational expert also appeared. The ALJ issued a decision on July 8, 2024, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on May 29, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on July 29, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§

---

[1] At the hearing, Plaintiff amended the alleged onset date to March 10, 2022.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff testified that she stopped working at Red Robin because she had balance issues. Her legs were giving out. She started using a wheelchair in March 2022. She engaged in physical therapy, including electric pulse therapy and leg strengthening. Initially, she was able to stand for two hours, but she now can only stand for about an half an hour. She mostly experiences numbness in her left leg. She also gets fatigued and struggles with grip strength. She has migraines that cause her to get dizzy and nauseous that occur at least two days a week. Normally, she uses a cane to get around and uses a wheelchair when she is in a major flare up. Usually, flare ups occur after stress or excitement, or after she was particularly active. She experiences five to eight flare-ups per month. She testified that recently before the hearing she was in a car accident, and she experienced whiplash and PTSD. She is engaged in counseling to deal with her anxiety and PTSD. She is living with her parents, and they help out with the cooking and laundry. She can shower by herself with the help of a shower chair.

## V.    The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 49-65.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 10, 2022. AR 50.

At step two, the ALJ identified the following severe impairments: obesity, migraines, functional neurological disorder (FND), depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD) AR 50.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 51. Ultimately, the ALJ concluded Plaintiff has a residual function capacity ("RFC") to perform:

> a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except:  she can stand and walk for one hour at a time, for four hours total in combination in an eight-hour workday; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can frequently balance, stoop, kneel, crouch, and crawl; she cannot have concentrated exposure to extreme cold or vibration; she can tolerate only moderate noise; she can occasionally work using a computer screen; she can have no exposure to hazards, such as unprotected heights and moving mechanical parts; she can perform simple and detailed tasks, but not complex tasks; she requires a routine, predictable work environment with no more than occasional changes; and she would be absent from work for one day per month, on average.

AR 54.

At step four, the ALJ found Plaintiff was not able to perform past relevant work. AR 62.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also, including router, routing clerk and marker. AR 64. Consequently, the ALJ found Plaintiff was not disabled since Augus 11, 2022. AR 64.

### V.    Issues

1. Whether the ALJ adequately considered Plaintiff's testimony concerning the limitations causes by Plaintiff's migraine headaches.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

2. Whether the ALJ adequately evaluated the medical opinions?

## VI. Analysis

### 1. Evaluation of Plaintiff's Symptom Testimony – Migraine Headaces

Plaintiff asserts the ALJ erred in failing to include work-related limitations in the RFC consistent with the intensity and limiting effects of Plaintiff's migraine headaches. The Court agrees.

The ALJ concluded that basic prophylactic medication was effective in reducing migraine days to 2-3 per month and noted that Plaintiff failed to trial migraine medications and did not recently trial any advance medications, including Botox. The ALJ speculated that this suggested Plaintiff was generally satisfied with her migraine control.

The ALJ's speculation and ultimate conclusions regarding Plaintiff's migraine symptoms are not supported by the record. Rather, the record indicates Plaintiff had a number of emergency room visits caused by her migraine headaches. One time, the pain was so severe she could not keep food and water down. The record demonstrates that some headache occurrences lasted several days. Moreover, the record shows adjustments in her medication regime throughout, which directly contradicts the ALJ's conclusions that Plaintiff was satisfied with her treatment course. And the record indicates that Plaintiff experienced negative side effects from Botox treatments, which the ALJ failed to account for. The ALJ erred in relying on Plaintiff's normal brain imaging and neurological examination, as well as some of her daily activities to discount her testimony, because it failed to explain how these findings were inconsistent with Plaintiff's reported migraine symptoms.

Because of this error, the ALJ failed to include limitations in the RFC and hypothetical to the VE consistent with Plaintiff's episodes of migraine headaches.

### 2. Evaluation of Medical Opinions

In evaluating medical opinion evidence, the ALJ considers the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

### a. ARNP Rock

ARNP Jennifer Rock completed a Headaches Medical Source Statement. AR 2772. She reported that Plaintiff experiences severe migraine headaches along with nausea, phonophobia, photophobia, inability to concentrate, vertigo, numbness, visual disturbances, pain worse with activity that causes avoidance of

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

activity. She stated the headaches occur 2-3 times a week, that bright lights, moving around, and noise make it worse, and that lying down, taking medication, quiet places, and a dark room make them better. Ms. Rock concluded that Plaintiff's headaches cause significant interference with daily activities, and when she has a headache, she would be preluded from performing basic work activities.

The ALJ found Ms. Rock's opinion to not be persuasive because it was not consistent with the overall record showing that Plaintiff to be less restricted. The ALJ concluded that Ms. Rock's opinion seemed to rely on subjective reports of symptoms by Plaintiff without support from any positive findings on direct observations to justify any particular functional restrictions, and her review was relatively vague.

The ALJ's evaluation of Ms. Rock's opinion is not supported by the record, as explained above. The ALJ's erroneous conclusions regarding Plaintiff's migraine symptoms affected his analysis of ARNP Rock. The ALJ failed to adequately support his conclusions with evidence or explain how unrelated findings, including lack of swelling, no cyanosis, no clubbing, no edema, intact sensation, and no deformity or malalignment were relevant to discount Ms. Rock's opinion. The ALJ erred in failing to articulate proper reasons for discounting Mr. Rock's opinion.

### b. Dr. Hanson

On May 25. 2022, Dr. Hanson, M.D. prepared a medical source statement in which he diagnosed Plaintiff with abnormality of gait and involuntary functional movements, which he rated as marked. Dr. Hanson concluded Plaintiff was unable to meet the demands of sedentary work.

The ALJ found Dr. Hanson's review to not be persuasive because it was not consistent with the overall record showing that Plaintiff was less restricted. The ALJ found Dr. Hanson's opinion to be vague without expression of functional restrictions in vocationally relevant terms.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 9

The ALJ erred in evaluating Dr. Hanson's opinion. First, the record demonstrates that Dr. Hanson's opinion is consistent with the overall record. Simply providing a list of normal findings does not show that Dr. Hanson's opinion is not consistent, especially where the majority of the listed findings have absolutely no relation to the limitations in Dr. Hanson's opinion.

The record shows that Plaintiff has a history of a movement disorder, including involuntary arm movements, vocal tics, movements of the head and neck, leg weakness, and reduced strength. In March 2022, Dr. Hanson noted Plaintiff was unable to walk without a walker. Physical therapy helped, but Plaintiff was counseled to conserve her energy, limit her activities, and save energy for necessary tasks by spreading them out over different days.

The ALJ's assertion that Dr. Hanson's opinion is inconsistent based on the evidence of normal examinations fails to consider the broader record, which shows that Plaintiff's symptoms waxed and waned, but that she often required assistive devices due to flares of her neurological disorder, and she was frequently observed with tics. Here, the ALJ cherry-picked evidence favorable to his RFC determination and cited to treatment records unrelated to her evaluations for her movement disorder. The ALJ conclusion that Plaintiff engaged in fairly conservative treatment is not supported by the record. Plaintiff was evaluated by multiple neurologists regarding her condition.

## VII.  Conclusion

The ALJ erred in evaluating Plaintiff's testimony regarding her migraines and in evaluating Ms. Rock's and Dr. Hanson's opinions, resulting in an RFC that was incomplete and the hypothetical questions asked of the vocational expert were not helpful. As such, the ALJ's decision isnot supported by substantial evidence and remand is appropriate. The ALJ shall conduct a new hearing and issue a new decision.

//

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 10**

Accordingly, **IT IS HEREBY ORDERED:**

1.    For court management purposes, Plaintiff's Opening Brief, ECF No. 13, is **GRANTED**.

2.    For court management purposes, the Commissioner's Brief, ECF No. 20, is **DENIED.**

3.    The decision of the Commissioner is **reversed** and **remanded**. Upon remand, the ALJ shall reevaluate the medical evidence, reevaluate the residual functional capacity, offer the opportunity for a hearing, develop the record as needed, and issue a new decision.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 16th day of June 2026.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 11